UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

GLENN A. ARMSTEAD                                                                             PLAINTIFF

v.                                                                    CIVIL ACTION NO. 4:16CV-117-JHM

SOCIAL SECURITY ADMIN. *et al.*                                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of the *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff Glenn A. Armstead brings this civil action against the "Social Security Admin." (SSA) and the Cabinet for Health and Human Services. He asserts that the basis of this Court's jurisdiction is both "Federal question" and "Diversity of citizenship." As to federal-question jurisdiction, he lists the following federal statutes: 42 U.S.C. § 1985; "42 - Subchapter V Assisted Programs"; and 42 U.S.C. § 1981. As to diversity of citizenship, Plaintiff indicates that he is a citizen of Kentucky and that SSA is incorporated under the laws of Kentucky and has its principal place of business in Kentucky. Further, he claims that the amount in controversy is more than $75,000 because "witholding goverment documents that's Approved Dated March 22, 2016 – 72 Month's – never received." As his "Statement of Claim," Plaintiff writes: "Documents Dated March 22, 2016 Approved SSI And Extra Medical. Cabinet sent Documents to My Home on the March 22, 2016 Date. Approved SSI form PA-11 Documents turned over to Oig SSA –hhs." Finally, as "Relief," Plaintiff seeks the following:

> I would Ask to tort to Allow me 15 million Dollars for the fact it that My rights are still Being violated Every Day I Dont receive payment under Law I've Been Very Depressed, Down, suicide was Almost My Last thought of

> Mind, Less than A U.S Citizen with proof of that I should Have monthly income And medical from 2010 up 2016, But My rights was taking Away from unfair practice. Timeframe – Intent[.]

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

### A. Federal-question jurisdiction

#### 1. 42 U.S.C. § 1981

Section 1981(a) of Title 42 of the United States Code states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The statute has been construed as a prohibition against certain forms of racial discrimination. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 608-10 (1987). The elements of a claim under § 1981 are: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

Plaintiff fails to allege any discrimination based on his race or even what his race is. Therefore, Plaintiff fails to state a claim under § 1981.

### *2. 42 U.S.C. § 1985*

Section 1985 contains three subsections and five broad categories of conspiratorial activity. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Plaintiff does not specify under which subsection he brings his claim. Nonetheless, "[t]hree of the five broad categories . . . relate to institutions and processes of the federal government--federal officers, § 1985(1); federal judicial proceedings, the first portion of § 1985(2); and federal elections, the second part of § 1985(3)." *Id.*; *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006) ("Section 1985(1), which prohibits conspiracies to interfere with federal officers in the performance of their duties, and the first clause of § 1985(2), which prohibits conspiracies to influence parties, witness, or jurors in federal court proceedings, are not applicable to this case."). None of these provisions apply in this case.

As to the remaining two categories of conspiratorial activity, the second part of § 1985(2) prohibits conspiracies that interfere with the administration of justice in state court, *Kush*, 460 U.S. at 725, and the first part of § 1985(3) is concerned with "the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws.'" *Kush*, 460 U.S. at 724. These two subsections contain "language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Id.* at 725. "Claims asserted under these provisions require that the conspirators' actions be motivated by race or class-based animus," *Bennett v. Batchik*, No. 90-2036, 1991 WL 110385, at *6 (6th Cir. June 24, 1991) (citing *Kush*, 460 U.S. at 725), an allegation which is wholly absent in the instant complaint.

For these reasons, Plaintiff fails to state a claim under § 1985.

### 3. "42 - Subchapter V Assisted Programs"

Review of Title 42 of the United States Code indicates that Chapter 21, Subchapter V, is titled "Federally Assisted Programs." The Court presumes that this is the portion of Title 42 Plaintiff is referencing. Subchapter V contains 42 U.S.C. § 2000d *et seq.*, and those statutes constitute Title VI of the Civil Rights Act of 1964. *See Alexander v. Sandoval*, 532 U.S. 275, 278 (2001). Under 42 U.S.C. § 2000d, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

Here, Plaintiff fails to allege his race, color, or national origin and, therefore, fails to state a claim under § 2000d.

### B. Diversity jurisdiction

As to diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff does not allege that he is diverse in citizenship from each Defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Moreover, he does not allege violation of any state law or other claim that could be brought under the diversity statute. Accordingly, no claims may proceed under diversity jurisdiction.

For the foregoing reasons, the Court will dismiss this action by separate Order.[1]

Date: March 31, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.005

---

[1] To the extent Plaintiff is complaining of denial of Supplement Security Income benefits, he has filed a separate action seeking judicial review under 42 U.S.C. § 405(g) of the denial of those benefits. *See* 4:16CV-159-HBB.